# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NATALIA CHANG | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 18-2928 |
| | : | |
| NANCY A. BERRYHILL | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                         **October 26, 2018**

      The Social Security Administration terminated an employee challenged by cerebral palsy after almost a year of employment. Under federal law, she must first seek a remedy for all claimed employer misconduct before her employer agency and then, if unsuccessful, she can seek her remedies in federal court. In administrative filings with the Social Security Administration, the employee claimed her yearlong federal employer failed to accommodate her cerebral palsy and discriminated against her based on her challenges. She never mentioned being fired in retaliation for demanding accommodations. Unsuccessful in the administrative process, she now sues her former employer for failure to accommodate her needs, disability discrimination and retaliation. As the employee failed to exhaust her administrative remedies on the retaliation claim, we must dismiss her retaliation claim in the accompanying Order.

## I. Alleged facts.

      The Social Security Administration (the Agency) hired Natalia Chang, who lives with cerebral palsy,[1] as a Benefit Authorizer on June 15, 2014.[2] The Agency provided Ms. Chang training in a classroom setting from approximately June 2014 to January 2015.[3] During her training, Ms. Chang asked her manager for a paper copy of her training manual because her disability made it difficult for her to read the instructions on the screen in front of the classroom.[4]

Her manager denied her request.⁵ Ms. Chang reiterated her request to her supervisor in November 2014, again to no avail.⁶ Ms. Chang then requested to sit in the first two rows of the classroom so she could see the screen.⁷ Her manager also denied this request, and instead sat Ms. Chang in the back of the room to provide her with additional one-on-one training.⁸ Ms. Chang claims she "rarely" received additional training.⁹ Citing poor performance after almost a year following her initial training, the Agency terminated Ms. Chang effective June 12, 2015.¹⁰

On July 29, 2015, Ms. Chang signed an Equal Employment Opportunity (EEO) Counselor's Report detailing her complaint.¹¹ In the section indicating which type of discrimination Ms. Chang suffered, the counselor did not check the box for "Retaliation."¹² On the same day, Ms. Chang submitted a Formal EEO Complaint.¹³ She wrote "Discrimination based on Physical Disability Cerebral Palsy" and "Denial of reasonable accommodation" constituted the basis for and issue in her claim.¹⁴ Ms. Chang attached a description of her claim in which she detailed her unheeded requests for printed instructional materials and seating arrangements.¹⁵ She did not claim the Agency fired her in retaliation.

The Equal Employment Opportunity Commission (EEOC) sent Ms. Chang two affidavits for her to complete to support her claims.¹⁶ In both affidavits, the EEOC listed two "issues"— whether the agency denied Ms. Chang a reasonable accommodation, and whether the agency subjected Ms. Chang to discrimination on the basis of a physical disability.¹⁷ Ms. Chang submitted the affidavits on November 10, 2015, and December 3, 2015.¹⁸ In the November affidavit, Ms. Chang answered the question "Explain why you believe the termination was based on your disability" by writing, "I was not provided the accommodation I request for my disability. Instead, moving me the back of the class, created a situation where I would continue to perform poorly."¹⁹ Before Ms. Chang submitted the November affidavit, an EEO Investigator

2

emailed a draft of it to Ms. Chang's counsel.[20] The Agency decided against Ms. Chang on April 12, 2018, allowing her to seek a remedy with the EEOC or this court.[21]

Ms. Chang then sued the Agency under the Americans with Disabilities Act for disability discrimination, retaliation, and failure to accommodate.[22]

## II. Analysis[23]

The Agency moves to dismiss the retaliation claim only arguing Ms. Chang failed to exhaust her retaliation claim and Ms. Chang should have sued under the Rehabilitation Act because she sued a federal agency.[24] As a preliminary matter, we consider the Agency's motion under Rule 12(b)(6) instead of Rule 12(b)(1) as it requested. Challenges to exhaustion are subject to Rule 12(b)(6) because failure to exhaust a Title VII claim is " 'in the nature of statutes of limitation' and 'do[es] not affect the District Court's subject matter jurisdiction.' "[25] We may consider the administrative filings, although they are not plead in Ms. Chang's complaint, because the parties do not dispute the authencity of the filings and Ms. Chang's present claims are based on these filings.[26]

### A. Ms. Chang failed to exhaust her retaliation claim.

The Agency argues Ms. Chang failed to exhaust her retaliation claim because she did not raise it at the administrative level. Ms. Chang counters she exhausted the claim because the facts forming her retaliation claim are the same facts forming her failure to accommodate claim. We agree with the Agency.

Title VII's protections apply to federal employees.[27] Federal employees alleging Title VII employment discrimination must comply with administrative remedies before filing an action in federal court.[28] Congress requires plaintiffs exhaust administrative remedies before a federal court can adjudicate their Rehabilitation Act claims.[29] First, a plaintiff "must . . . attempt to

3

informally resolve the discrimination charge by consulting with an EEO counselor within forty-five . . . days of the date of the alleged discriminatory act."[30] Next, if "the matter cannot be resolved informally, a complaint must be filed with the agency within fifteen . . . days of receiving notice that the EEO counselor cannot resolve the matter."[31] Then, the agency investigates and issues a final decision, after which the plaintiff has ninety days from her receipt of the decision to appeal to the EEOC or sue in federal court.[32]

The Agency does not dispute Ms. Chang timely filed this action. Instead, it argues Ms. Chang did not exhaust her retaliation claim because she failed to raise it in her administrative filings. Filing an administrative charge with the EEOC is a prerequisite for filing suit alleging workplace discrimination.[33] A plaintiff exhausts a claim if "the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."[34] "The scope of the original charge should be liberally construed because charges are 'most often drafted by one who is not well versed in the art of legal description.' "[35]

Ms. Chang theorizes the Agency terminated her in retaliation for her request beginning months earlier of a reasonable accommodation, but she did not exhaust this claim in her administrative charge. Ms. Chang's EEO Counselor did not check the box indicating retaliation as a basis of alleged discrimination in her informal consultation, yet Ms. Chang signed the form.[36] In Ms. Chang's formal EEOC complaint, she indicated only physical discrimination and denial of reasonable accommodation as reasons for her complaint.[37] Only those two issues formed the "Statement of the Claim" in the EEOC's final report.[38] The Agency sent Ms. Chang two affidavits with which she could argue her case, and in both, physical discrimination and reasonable accommodation constituted the only two accepted claims.[39]

4

Ms. Chang's retaliation claim is not fairly within the scope of the EEOC complaint. Ms. Chang argues her administrative filings should have triggered an EEOC investigation into retaliatory treatment because the facts underlying her reasonable accommodation claim and her retaliation claim are the same. But we cannot discern how those facts notified the EEOC Ms. Chang would later argue the Agency terminated her for requesting a reasonable accommodation at least seven months before her termination. To the contrary, Ms. Chang wrote in her affidavits she believed the Agency terminated her because she "was not provided the accommodation [she] requested."[40] Ms. Chang blamed her termination on her placement in the back of the class several months earlier, which contributed to her poor performance.[41] The Agency produced an email indicating Ms. Chang's counsel had a chance to review Ms. Chang's affidavit before she filed it, but the affidavit nonetheless did not include a retaliation claim.[42] We see no meaningful distinction between Ms. Chang's situation and several which have warranted dismissals.[43] We grant the Agency's partial Motion in the accompanying Order.

### B. We grant Ms. Chang leave to amend her Complaint to sue under the Rehabilitation Act.

The parties agree Ms. Chang should have brought suit under the Rehabilitation Act, not the Americans with Disabilities Act, because only the former provides a cause of action against federal agencies.[44] We grant Ms. Chang leave to timely amend her Complaint to sue under the Rehabilitation Act.

### III. Conclusion

Ms. Chang has not exhausted her administrative remedies with respect to her retaliation claim, and we dismiss her retaliation claim with prejudice. We grant Ms. Chang leave to amend her Complaint to sue under the Rehabilitation Act.

---

[1] ECF Doc. No. 1, ¶ 23.

[2] *Id.*, ¶ 19.

[3] *Id.*, ¶¶ 27, 29.

[4] *Id.*, ¶ 30.

[5] *Id.*, ¶ 31.

[6] *Id.*, ¶¶ 33, 41.

[7] *Id.*, ¶ 35.

[8] *Id.*, ¶ 36.

[9] *Id.*, ¶ 37.

[10] *Id.*, ¶ 45.

[11] ECF Doc. No. 7 (Ex. A).

[12] *Id.* (Ex. A at p. 4).

[13] *Id.* (Ex. B).

[14] *Id.* (Ex. B at p. 2).

[15] *Id.* (Ex. B at p. 4).

[16] ECF Doc. No. 9-1 (Ex. 9, Ex. 13).

[17] *Id.* (Ex. 9 at pp. 1, 4; Ex. 13 at pp. 1–2).

[18] *Id.* (Ex. 9 at p. 4).

[19] *Id.* (Ex. 9 at p. 4).

[20] *Id.* (Ex. 9 at p. 6).

[21] ECF Doc. No. 7 (Ex C).

[22] ECF Doc. No. 1.

[23] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe

them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;' " (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;' " and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[24] ECF Doc. No. 7.

[25] *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999) (alteration in original) (quoting *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 89 (3d Cir. 1986)). *See also Smith v. Donahoe*, No. 12–2639, 2013 WL 172209, at *3 (E.D. Pa. Jan. 15, 2013) (collecting cases analyzing similar challenges under Rule 12(b)(6)).

[26] *Pension Benefit Guar.Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[27] *Chandler v. Roudebush*, 425 U.S. 840, 841 (1976). *See also Robinson v. Dalton*, 107 F.3d 1018, 1020-21 (3d Cir. 1997) ("Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, established the exclusive remedy for federal employees who allege discrimination in the workplace.")

[28] *Robinson*, 107 F.3d at 1020-21; *Johnson v. Gober*, 83 F.App'x 455, 460 (3d Cir. 2003).

[29] *Freed v. Consol. Rail. Corp.*, 201 F.3d 188, 191 (3d Cir. 2000); 29 C.F.R. § 1614.407.

[30] *Dalzell v. Astrue*, No. 05-755, 2008 WL 598307, at *3 (W.D. Pa. Mar. 3, 2008) (citing 29 C.F.R. § 1614.105(a)(1)).

[31] *Id.* (citing 29 C.F.R. § 1614.106).

[32] *Id.* (citing 29 C.F.R. § 1614.108–10).

[33] *See Antol v. Perry*, 82 F.3d 1291, 1295–96 (3d Cir. 1996) (dismissing Title VII gender discrimination claim where plaintiff failed to exhaust administrative remedies).

[34] *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir. 1984).

[35] *Weems v. Kehe Food Distribs., Inc.*, 804 F. Supp. 2d 339, 342 (E.D. Pa. 2011) (quoting *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 965 (3d Cir. 1978)).

[36] ECF Doc. No. 7 (Ex. A at p. 4).

[37] *Id.* (Ex. B at p. 2).

[38] *Id.* (Ex. C at p. 1).

[39] ECF Doc. No. 9-1 (Ex. 9 at pp. 1, 4).

[40] ECF Doc. No. 9-1 (Ex. 9 at p. 4).

[41] ECF Doc. No. 9-1 (Ex. 9 at p. 4).

[42] ECF Doc. No. 9-1 (Ex. 9 at p. 6).

[43] *See, e.g., Dalzell*, 2008 WL 598307, at *4 (dismissing retaliation claim where plaintiff's administrative charge referred only to "physical limitations and the related discrimination"); *Nerosa v. Storecast Merch. Corp.*, No. 02-440, 2002 WL 1998181, at *5 (E.D. Pa. Aug. 28, 2002) (dismissing retaliation claim at motion to dismiss stage because plaintiff did not exhaust administrative remedies for retaliation claim as she did not "check the box for retaliation," use the word retaliation in her charge, or allege any protest against discrimination); *Wright v. Philadelphia Gas Works*, No. 01-2655, 2001 WL 1169108, at *3 (E.D. Pa. Oct. 2, 2001) (dismissing retaliation claim where EEOC charge is "devoid of all claims except racially motivated discharge"); *Watson v. Se. Pa. Transp. Auth.*, No. 96-1002, 1997 WL 560181, at *7 (E.D. Pa. Aug. 28, 1997) (dismissing retaliation claim where the administrative charge did not reference retaliation and plaintiff did not check the box for retaliation).

[44] *Dalzell*, 2008 WL 598307, at *2.